UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

JOSE GUTIERREZ

    Plaintiff,   Case No.:

v.

HIGH TECH NATIONAL, INC.

    Defendant.   Date: February 21, 2013

## COMPLAINT

Plaintiff, JOSE GUTIERREZ, brings this lawsuit against the above captioned Defendant HIGH TECH NATIONAL, INC. (referred to herein as "High Tech National") for violations of the Fair Labor Standards Act, 29 U.S.C. § 201 *et. seq.* (the "FLSA") for failure to pay overtime compensation at a rate of 1.5 times his regular rate of pay for all hours worked over forty hours a week.

## INTRODUCTION

1. As explained herein, an employer violates the FLSA when it does not pay overtime compensation to any employee who is non-exempt.

2. Plaintiff began his employment with Defendant on or around October 24, 2011 as a technician. From October 24, 2011 to January 4, 2013, Defendant paid Plaintiff $600 then $650 per week for his scheduled 40 hour work week.

3. During his employment, Plaintiff worked a tremendous amount of overtime on a consistent basis, but was never paid time and a half (1.5) for this work.

4. Plaintiff now brings this Complaint for violations of the FLSA to recover unpaid overtime compensation, liquidated damages, and reasonable attorneys' fees.

## THE PARTIES

5. Plaintiff, JOSE GUTIERREZ, is a Marylandresident who began working for Defendant within the meaning of the FLSA on around October 24, 2011.

6. Defendant, HIGH TECH NATIONAL, INC. is a For-Profit Corporation organized under the laws of Florida, with a principal address of 3640 NW 41st Street, Miami, FL 33142. Their registered agent for service is Jay Weiner. His address for service is 3640 NW 41st Street, Miami, FL 33142.

7. Defendant qualifies for and is subject to both traditional and enterprise coverage under the FLSA for all the relevant time periods contained in this Complaint. Said differently, Defendant issubject to the FLSA.

8. At all relevant times Defendant has been and continues to be an employer engaged in interstate commerce and/or the production of goods for commerce, within the meaning of FLSA 29 U.S.C. §207(a).

9. Defendant has at least 2 employees.

10. Defendant has yearly gross revenue totaling at least $500,000.

11. The FLSA defines "employer" as any "person" acting directly or indirectly in the interest of an employer in relation to an employee. 29 U.S.C.§ 203(d). *See alsoBoucher v. Shaw*, 572 F.3d1087, 1090 (9th Cir. Nev. 2009) (the definition of "employer" under the Fair Labor Standards Act (FLSA) is not limited by the common law concept of "employer," but is to be given an expansive interpretation in order to effectuate the FLSA's broad remedial purposes).

12. Defendant employed Plaintiff as an employee within the meaning of the FLSA § 203.

13. Plaintiff is subject to individual coverage under the FLSA as he engaged in interstate commerce by not only producing goods for commerce, including making keys, but by also using the channels of interstate commerce including roads, telephone, and internet over state lines.

## JURISDICTION

14. The Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and § 1337 and 29 U.S.C. § 216(b) because this action involves a federal question under the Fair Labor Standards Act.

15. This Court has personal jurisdiction over High Tech National, Inc. because High Tech National, Inc. isa For-Profit Corporation organized under the laws of Florida, and also operates business inside the State of Florida.

16. Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391(b) because the Defendant owns and operates their business from Miami, Florida; Plaintiff's paychecks were generated in Miami, Florida; and Defendantis subject to personal jurisdiction within this District as it engaged in business therein.

## GENERAL ALLEGATIONS

17. Defendant hired Plaintiff on or around October 24, 2011 as a technician.

18. Plaintiff's job duties would include picking up the company van, driving to different job sites, making keys, and filing end-of-the-day reports.

19. Plaintiff could not hire employees.

20. Plaintiff could not fire employees.

21. Plaintiff did not train employees.

22. Plaintiff was regularly scheduled to work from approximately 8am to 5 pm daily with a one hour lunch break, 5 days per week.

23. However, Plaintiff would routinely work long past 5pm, usually until between 6:30pm and 8pm.  Occasionally, but rarely, Plaintiff would have to work Saturdays as well.

24. Also, due to the high volume of work, Plaintiff would regularly work through lunch, if he even took a lunch break at all.

25. Every day, Plaintiff was required to pick up the company van from a Carmax location located in White Marsh, Maryland.  Plaintiff would then call the office in the morning to report his start time.

26. Plaintiff was required to clock out at the end of the day on an automated system that would send an email notification to his supervisors.

27. This system should accurately show Plaintiff's clock out time but not his clock in time.  The reason being that Plaintiff usually did not begin using the device until he reached his second destination of the day.  This location was usually several miles away in Lancaster, Pennsylvania.

28. Additionally, Plaintiff was required to perform end-of-the-day reports AFTER he would clock out. This added an additional 15 minutes to his automated clock out time each day.

29. Plaintiff was under the supervision of Randy Fields, the manager.

30. Plaintiff worked a tremendous amount of hours per week on a consistent basis. With his usual day running between 10 and 12 hours per day, 5 days per week, Plaintiff was made to work between 50 and 60 hours per week. Plaintiff worked these hours on a consistent basis, if not the entire time of his employment with Defendant.

31. Plaintiff was paid a biweekly salary of $1,200 ($600 per week) from the beginning of his employment until the pay period beginning May 19, 2012. From this time until his termination, Plaintiff was paid a bi weekly salary of $1,300 ($650 per week).

32. As his scheduled 8am to 5 pm with lunch shift would indicate, Plaintiff's salary was only meant to cover him for his 40 hour work week, not any additional overtime hours.

33. Defendant has not paid Plaintiff overtime compensation as required by the FLSA. The FLSA provides that, with certain exceptions, employers must pay employees overtime of at least one and one-half (1.5) times their regular rate of pay for any hours over forty (40) worked in a week. 29 U.S.C. S 207(a)(1). The FLSA exempts certain employees from the overtime requirements. However, an "employer who claims an exemption from the FLSA has the burden of showing that the exemption applies." See *Donovan v. Nekton, Inc.*, 703 F.2d 1148, 1151 (9th Cir. 1983).

34. Although the FLSA provides for certain exemptions to the mandates of paying overtime compensation, Plaintiff is not exempt under the FLSA. Plaintiff performed

menial duties the entirety of his time with Defendant, did not have the authority to hire or fire, and did not exercise independent discretion with his work.

35. Plaintiff's regular rate of pay started at $15 per hour and eventually moved to $16.25 per hour. This would make his applicable overtime rates $22.50 and $24.38 per hour respectively.

36. Evidence reflecting the precise number of overtime hours worked by Plaintiff, as well as the applicable compensation rates, is in the possession of the Defendant. If these records are unavailable, Plaintiff may establish the hours he worked solely by his testimony, and the burden of overcoming such testimony shifts to the employer. *SeeAnderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680 (1946).

37. Defendant required Plaintiff to work more than forty (40) hours in any given workweek, usually between 50 and 60 hours per week. Defendant did not compensate Plaintiff time and a half (1.5) for all hours worked in excess of forty (40) in any given workweek.

38. Defendant's failure pay overtime compensationwas knowing and willful. Accordingly, Plaintiff is entitled to recover all overtime pay due from overtime hours worked for which compensation was not paid, liquidated damages, and attorneys' fees under the FLSA's three-year statute of limitations.

39. Defendant has not made a good faith effort to comply with the FLSA with respect to its compensationPlaintiff. Further, Defendant has not inquired with the Department of Labor seeking to establish or affirm that its pay practices were or are in compliance. Defendant has also not inquired with private legal counsel seeking to affirm that its pay practices were or are in compliance, as legal counsel would have clearly advised Defendant as to the applicable regulations and statutes cited throughout.

## COUNT 1
## Overtime Due Under the FLSA
## 29 U.S.C. § 207

40. Plaintiff re-alleges paragraphs 1-39 as if fully set forth in this Count.

41. At all relevant times, Defendant employed Plaintiff within the meaning of the FLSA.  Further, Defendant knew of all the hours Plaintiff worked.

42. As started herein, Plaintiff was entitled to overtime compensation at a rate no less than time and a half (1.5) his regular rate of pay for hours he worked beyond forty in any given workweek.

43. Plaintiff worked between 50 and 60 hours per week on a consistent basis throughout his employment with Defendant.  Defendant did not pay Plaintiff overtime compensation at all, let alone at a rate of times and a half (1.5) his regular rate of pay for these hours worked over forty in a given workweek.

44. Defendant's failure to pay Plaintiff overtime compensation at a rate not less than time and a half (1.5) the wage for all hours worked over forty (40) in a given workweek is a violation of the FLSA, in particular, 29 U.S.C. § 207.

45. The foregoing conduct, as alleged, constitutes a willful violation of the FLSAwithin the meaning of 29 U.S.C. § 255(a).

46. Due to Defendant's FLSA violations, Plaintiff has suffered damages and is entitled to recover from Defendant the unpaid overtime compensation, and an additionalequal amount as liquidated damages, prejudgment interest, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. §216(b).

## PRAYER FOR RELIEF

47. WHEREFORE, Plaintiff prays for the following relief:

a. An order awarding attorneys' fees and costs pursuant to § 216 of the FLSA;

b. That the Court finds the Defendant in violation of the overtime compensation provisions of the FLSA and that the Court finds that Defendant's violation of the FLSA was and is willful;

c. That the Court award Plaintiff overtime compensation for all the previous hours worked over forty (40) hours worked from October 24, 2011 to January 4, 2013 that he did not receive at least one and one-half time (1.5) compensation for, in any given workweek, AND liquidated damages of an equal amount; in addition attorneys' fees and costs under § 216 of the FLSA; and

d. That the Court award any other legal and equitable relief as this Court may deem appropriate.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by this Complaint and on all other issues so triable.

Respectfully submitted this 21st day of February, 2013 by:

**/s/ Dale J. Morgado**
*Dale J. Morgado, Esquire*
FBN: 0064015
Feldman Morgado, P.A.
100 North Biscayne Boulevard
29th Floor, Suite 2902
Miami, Florida 33132
T: 305-222-7850
F: 305-384-4676
E: dmorgado@ffmlawgroup.com

**/s/R. Edward Rosenberg**
*R. Edward Rosenberg, Esquire*
FBN:  0088231
Feldman Morgado, P.A.
100 North Biscayne Boulevard
29th Floor, Suite 2902
Miami, Florida 33132
T: 305-222-7850
F: 305-384-4676
E: erosenberg@ffmlawgroup.com

*Attorneys for Plaintiff*